Good morning. My name is Louis Dell. I represent the plaintiff and appellant Melody Cochran. Your Honor, this is, as we know, this is a lawsuit under the Fair Debt Collection Practices Act that centers, arises from debt collection activity by the trustee beneficiary and trustee trustee to threaten to collect in excess of $400,000 against Melody Cochran and also threaten to dispossess her of the property by foreclosing on the trustee. Now this case can be decided on, under the section 1692F subparagraph 6 which prohibits the defendants in this case from attempting to dispossess or threatening to dispossess Ms. Cochran of her property when it doesn't have an enforceable security interest because we know that there is a prior judgment in California State Court that holds that the person who created the alleged security interest never had an interest in the property. Does our recent decision in Ho versus Recon Trust control the result in this case? It doesn't control the case in the sense that the holding doesn't impact this case at all because How is that? Because the trust deed is void. That's the reason. That's the answer. If the trust deed is void, then we don't have to worry about the concerns that Ho had such that the application of the FDCPA might interfere with the state law governing enforcement of security interest. So we don't have the application of Is there really a relevant difference between the panel's definition of debt in Ho and the debt in this case? Yes. What is it? Well, first of all, in Ho, there was no dispute that the debt was assigned to the defendants in that case at the time it was created. It wasn't in default at the time it was assigned to the defendants. Whereas in the present case, the defendants were assigned a security interest that was already in default. That's undisputed. And so the Perry case, which talks about the legislative history of the FDCPA, says that the FDCPA can apply if the security interest is in default at the time it is assigned to the defendant, to the debt collector. That's number one. Number two, in Ho, there wasn't a demand for payment. That was just a notice of default saying that in order to protect your rights, you need to take certain steps. Whereas in the Cochran case, there was a demand letter, pay us in excess of $400,000. So there was, just as Ho says, Ho's specific holding says that we don't say that all beneficiaries and trustees cannot be debt collectors if they take actions which constitute debt collection other than attempting to enforce a valid security interest. Let me ask you, have you ever outlined your argument here? Have I ever outlined my argument? Your argument, yeah. Yes. Yes. Have we seen that outline? Have you seen the outline? Have you diagrammed your case? Yes, it's in the opening, and it's in the pleadings, Your Honor, in the briefs. In the briefs. Well, I saw that one, but it's not very helpful. Well, we know, Your Honor, that 1692F will allow a lender, a beneficiary, a trustee to be held liable as a debt collector if it attempts to or threatens to dispossess property when it does not have an enforceable security interest. And in this case, we know that the security interest was found to be void by the state court. So we don't even have to get to the Ho case because 1692F applies. Now, even if the Ho case were to have some application, as I stated earlier, it does open the door for liability because, again, because of the void security interest, it doesn't invoke any California laws like, for example, the Ho case cited Civil Code 2924, which talks about that a trustee cannot be held liable under the State Debt Collection Practices Act because... You're losing me a little bit. Let's talk about Ho because it seems to me that Ho is extremely relevant to here. In Ho, our court held that nonjudicial foreclosure activity was not debt collection within the meaning of the FDCPA. And you're trying to assert that it is, I believe. And in the opinion in that case, the panel held that the word debt under the FDCPA should be read to mean money and that the object of the nonjudicial foreclosure is to retake and resell the security, not to collect money from the borrower. So help me understand how you're in a different position here. Your Honor, again, I have to come back to 1692F, subparagraph 6. That applies when an attempt is made to take property without an enforceable security interest. And we know the security interest is unenforceable in this case. It's still a security interest and not money. Is a void security interest even a security interest? Well, so that seems like you're even on less. How is it money? Well, if it's threatening to take your property, 1692F doesn't involve just money. It says if you threaten to take property without an enforceable security interest, then that applies. Then the FDCPA applies. Even if it was less, I think what you're asking me is even if the security interest was enforceable, they still asked for in excess of $400,000 from Melody Cochran. Do you want to reserve the balance of your time? I do. Okay. May it please the Court. I'm Emily Edling, representing respondents in this matter. The central issue in this case is the validity of a deed of trust that the respondents own or are the designated trustee or beneficiary for. Ms. Cochran claims the deed of trust is invalid, and that is the sole reason why she asserts that the foreclosure activities conducted violated the FDCPA and related California debt collection statutes. You know, if you talk too fast and you're not speaking into the mic. Thank you, Your Honor. Just slow down. I will. Tell us what your argument is. All right. So Ms. Cochran's claim that the deed of trust is invalid is a claim that she already tried in a California state court lawsuit and lost. It's the September 2006 lawsuit we discussed in our briefing. In that lawsuit, she filed an action against Greenpoint and also the individual who signed the deed of trust, and she sought claims for cancellation of the deed of trust and also for a claim to quiet title. A judgment was issued in that case in 2011. The court not only found against her on those claims because he found that her claims were barred by the statute of limitations, but the court rejected language that she put in the 2011 judgment that said that the lien would be invalidated. So the court denied her argument that the lien was invalid because the transfer of property to Delany was invalid. So the problem that I want to raise for Your Honor in my first point, that all these claims are barred by res judicata, is that that's the only thing that she hangs her hat on to say that the foreclosure activity in this case was even unlawful, is she points to the 2011 judgment. That judgment doesn't say that, and in fact the court explicitly rejected adding language to that judgment that says that. Your Honors, we did ask for judicial notice in our briefing, and I also submitted a supplemental request for judicial notice a few weeks ago to advise the court that Ms. Cochran has a completely separate state court lawsuit in which she again filed the same claim against AQUIN this time  And in that case the California court found that it was barred by res judicata, the same argument we're making here. Now that is being appealed, so under California it's not a final decision, but I submitted it to Your Honors because it's the same case, it's the same facts. She doesn't allege FDCPA, she just alleges that the deed of trust is invalid. Do you need that argument for purposes of the debt collection? We don't need it. No. The supplemental request was just to provide that persuasive authority to Your Honors, and of course we don't need that and you don't need that. So what's your response to the Federal Debt Collection Act and whether it applies here? My response is that, as you suggested in your questions, that Hobie Rican Trust controls this case. In that case the facts are nearly identical. In fact, you know, counsel mentioned that there was a separate demand letter in this case. That's not in the record. The record and the findings from the court below were that there were notices that were statutorily required by the California Civil Code. Those notices may have mentioned the 400-something debt that was owed in order to stop the nonjudicial foreclosure, but it's in the record and it was the same language that's required by the code. It doesn't separately say, pay us this money. It just says this is what's owed. We're going to proceed with foreclosure. And were the creditors here, in fact, engaged in nonjudicial foreclosure activity? Well, the only conduct actually alleged against any party is against Western. It's the one that sent all of the notices. And the district court even commented that there was really no theory of vicarious liability alleged in the complaint as to the other parties. But, yes, to answer your question, the only conduct here is these code-required foreclosure notices that were sent by Western. So if the FDCPA doesn't allow relief, what other remedies do plaintiffs like Ms. Cochran have for the conduct allegedly engaged by the appellees in this case? At this point, I don't think that she has one because she sat on her rights, essentially. And that's one thing that we know in our briefing when we go through the facts. And if she hadn't have sat on her rights, what would she have been able to do? Well, according to Judge True, who decided the state court 2006 action, she couldn't seek relief because the statute of limitations had passed. It was a three-year statute of limitations for fraud, declaratory relief to cancel the instruments, and quiet title. And her complaint was filed September 21, 2006. So the court found that she knew by at least September 21, 2003, about the fraud that she was alleging in that complaint. And, you know, the deed of trust here was signed in October 2003. So she knew before the deed of trust was ever signed. If she was aware that there had been a fraudulent transfer of her property, she could have filed an action, filed a lis pendens, done something to put parties. There are adequate remedies under state laws. Right, to put parties on notice. She certainly, and if she didn't do that, then she certainly could have filed a lawsuit within the statute of limitations instead of sitting around for three years. And is there any difference between Ho and this case of which we should be aware? I don't think there is any difference. And I wanted to touch on one of the arguments made. Now, Ho does talk about the 1962 F argument. I think what's important to note in Ho is that it's talking about two different things. Whether the foreclosure trustee is a debt collector and whether the foreclosure trustee is engaged in a debt collection activity. On the debt collector question, that's where we look at 1692 F. Because the court says if you look at 1692 A, it explains that a debt collector is either a business that's principally engaged in collecting debts or it regularly collects debts of others. And then if you read the statute a little further, it says under 1692 F, it can also be someone who's engaged in enforcing security interests, but only for a violation of that 1692 F subsection 6. It specifically mentions subsection 6 in that. So it's talking about the fact that a foreclosure trustee could be a debt collector under just a violation of 1692 F subsection 6. Here, the court doesn't even need to go there because there's no violation of 1692 subsection F in the complaint in this case. And Ho said the same thing when it analyzed its case. It said we don't need to discuss that because 1692 F subsection 6 isn't an alleged violation. Here, the complaint never mentions that statute. The complaint never mentions that any defendant is a debt collector under this narrow exception. It instead refers to the broad definition. She doesn't mention it once in her opposition to the motion to dismiss or in the lower court briefing. It's not mentioned in her opening brief. 1692 F subsection 6 is referenced briefly, but not to argue that respondents are liable under that provision. Instead, just to argue that the existence of that provision means that, generally, parties that enforce a lien can be debt collectors. So it's not an argument that's ever been alleged below or argued below and shouldn't be considered by the court. Even if it is considered by this court, though, Ho addresses a completely separate question of whether the foreclosure trustee is engaged in a debt collection activity. That is a different question than whether they're a debt collector. And Ho says a debt collection activity is the pursuit of money on a debt. And Ho notes that when you do a nontraditional foreclosure, you can't get any money. Under California statute, there's no deficiency allowed. And the statute only allows the trustee to engage in this certain conduct. There's no allegation that they've done anything separate other than these code-authorized, in fact required, nondjudicial foreclosure notices. So the Ho court says this is not a debt collection activity. And we have precisely the same kind of conduct in this case. We have nondjudicial foreclosure notices that are not the pursuit of money. They're just the statutorily required notices. All right, thank you. Thank you. Well, with respect to the discussion about what the California trial courts did and the judgment and so forth, the defendants have a huge problem because that judgment says that they don't have an enforceable security interest. I know we've already talked about that. I'm not going to go repeat it further again. But whenever one looks at that judgment, you can't ignore one paragraph or the other. And while it's true that the court did find that Melody Cochran was barred by the statute of limitations from seeking a quiet title action, so too Greenpoint, which is the predecessor of the defendants in here, has no interest in the property. So we know as we stand here today that we're talking about a trustee beneficiary that tried to enforce a void security interest. And by void, I mean it doesn't exist. It never was valid. It never was enforceable. Which takes us into the 1692F. And while there was discussion from counsel about how that statutory provision wasn't mentioned in the complaint, well, the facts certainly were. And so the notice was there to the defendants. So that's the only rebuttal I have to the defendants' counsel argument. If there's no questions, I'll submit. Thank you very much. Thank you both very much for your arguments here today. Greatly appreciate it. The case of Melody Cochran v. Bank of New York Mellon Trust Company is
judges: Schroeder, Pregerson, Murguia